IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCUS ANTHONY TERRELL, | : :  : |
| Plaintiff, | : : |
| V. | : : NO. 5:24-cv-00295-MTT-CHW |
| WARDEN SEALS, *et al.*, | : : |
| Defendants. | : : : |

# ORDER

Plaintiff Marcus Anthony Terrell, a prisoner in Washington State Prison in Davisboro, Georgia, has filed a pro se 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. He has also paid the filing fee for this case, and thus, his complaint is ripe for preliminary review. On that review, Plaintiff is now **ORDERED** to recast his complaint as set forth below if he wants to proceed with this action.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

Because he is a prisoner seeking relief against state actors, Plaintiff's complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d

1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995).

2

If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    II.    <u>Plaintiff's Allegations</u>

Plaintiff's complaint, with attachments, is ninety-seven pages long. *See* Compl., ECF No. 1. Plaintiff's claims cover a span of six years, during which Plaintiff was in six different prisons, and Plaintiff sets forth a narrative including a number of claims that do not appear to be related to each other. *See id.*

Plaintiff may not proceed with this complaint as currently drafted, as his complaint does not comply with Fed. R. Civ. P. 8, which requires a plaintiff to set forth a short and plain statement showing that he is entitled to relief. Plaintiff includes a significant amount of information in his complaint that appears to be unnecessary to stating his claims, resulting in a lengthy, rambling pleading.

Plaintiff's complaint essentially amounts to a shotgun pleading. The complaint includes a number of seemingly unrelated claims. As to some of the defendants, Plaintiff makes generic assertions that they are responsible for purported violations based on their positions, without providing specific information as to what those defendants actually knew about Plaintiff's situation or how they were personally involved in Plaintiff's alleged claims.

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). This is so

because shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources." *Id.* (citation omitted). Moreover, it is not incumbent upon the court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Accordingly, Plaintiff is now **ORDERED** to recast his complaint consistent with this order if he wants to proceed with this action. In recasting the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. If he cannot provide the names of the individual defendants, Plaintiff must provide as much identifying information as he can to allow the Court to consider his claims.

In the statement of claims, Plaintiff must clearly and concisely explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

This order is not, however, an invitation to include all of the claims that Plaintiff believes he has together in this same case. Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Thus, Plaintiff

may only raise claims that are related, as defined by Rule 20.  **Plaintiff is not to attach more than ten (10) pages of factual allegations to his complaint.**  He is also not to include any additional attachments to his complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint as ordered herein.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.   Additionally, while this case is pending, Plaintiff must promptly inform the Court in writing as to any change in his mailing address.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on both).   There will be no service until further order of the Court.

**SO ORDERED and DIRECTED**, this 20th day of November, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge