IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARCUS ANTHONY TERRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-CV-295 (MTT) |
| | ) |
| WARDEN SEALS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle recommends that Plaintiff Marcus Terrell's claims against Augusta State Prison Warden Edward Philbin, Deputy Warden Harmon, CERT Sergeant Smith, and the Augusta State Prison Medical Director relating to his treatment at Augusta State Medical Prison be **SEVERED** from his remaining claims[1] and **TRANSFERRED** to the Southern District of Georgia.  Doc. 9.  The Magistrate Judge further recommends that Terrell's claims against Warden Seals, Jane Doe Medical Director, Lieutenant Colbin, Lieutenant Fudge, and the Georgia Department of Corrections Risk Management Division be **DISMISSED WITHOUT PREJUDICE** and that Terrell's motion for a temporary restraining order (Doc. 5) be **DENIED**.  *Id*.  Terrell objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.  Doc. 12.

---

[1] Pursuant to the Magistrate Judge's Order, Terrell's remaining claims against Defendants CERT Officers Lucas and Paul are proceeding for further factual development.  Doc. 9 at 13-14.

## I. DISCUSSION

**A. Terrell's Objection**

First, Terrell challenges the Magistrate Judge's determination that his claims against Lieutenant Colbin should be dismissed without prejudice for improper joinder. Doc. 12 at 1. Specifically, he argues that Lieutenant Colbin's conduct is part of a "campaign of harassment" and common scheme within the GDC to target him based on his sexual abuse conviction. *Id*. at 1-3. But the Eleventh Circuit has held that more than just a minimal connection between a series of different transactions or occurrences must exist before joinder is proper. *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (per curiam). Terrell has not pleaded facts sufficient to establish that his claims against Defendants Lucas and Paul are logically related his claims against Lieutenant Colbin because his allegations arise from separate incidents occurring on different dates, and Terrell's statement in his objection that that each incident was rooted in a GDC "'policy' of retaliation and discrimination" (Doc. 12 at 1) is not enough to show a logical relationship for purposes of Rule 20. *See Horry v. Triplett,* 2023 U.S. Dist. LEXIS 167722 at *8, 2023 WL 6142355 (M.D. Ga. Sept. 20, 2023) ("[A] relationship between claims must be demonstrated by more than just a general, conclusory assertion of an overarching conspiracy or retaliatory motive among all defendants; the connection must be factually supported in the complaint.").

Terrell also objects to the Magistrate Judge's conclusion that he failed to state a claim for deliberate indifference to a serious medical need against Warden Seals and Jane Doe Medical Director. Doc. 12 at 5-6. With his objection, Terrell filed medical request forms, a grievance, and grievance responses showing his attempts to get

treatment for various medical issues. Docs. 12-1; 12-2; 12-3; 12-4; 12-5; 12-6; 12-7. Upon review, the Court finds that nothing in the documents undermines the Magistrate Judge's correct determination that even if Terrell alleged sufficient facts to establish that he had a serious medical need at Dooly State Prison, his "allegations that the Warden and Medical Director denied him medical and dental care are purely conclusory." Doc. 9 at 12. Terrell insists in his objection that his exhaustion of the grievance process should serve as sufficient notice to Warden Seals and the Medical Director of his serious medical need (Doc. 12 at 5), but Terrell does not allege that these defendants reviewed any requests or grievances related to his medical need. The complaint wholly lacks allegations showing that these defendants were aware of Terrell's particular medical need, "much less that they were deliberately indifferent to such need." Doc. 9 at 12.

**B. Motion to Appoint Counsel**

After objecting to the Magistrate Judge's Recommendation, Terrell moved to appoint counsel. Doc. 13. He asserts that he is unable to afford counsel, suffers from mental health challenges, and is limited in his ability to investigate and conduct legal research due to his fear of the Defendants. *Id*. As this is Terrell's first request for counsel in this case, the Court advises Terrell that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Terrell's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Terrell has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Terrell's motion for appointment of counsel (Doc. 13) is **DENIED**.

**C. Motion for Extension of Time to Make Service and for the Court to Order Service**

Terrell filed a motion seeking an extension of time to file a motion showing that he is financially unable to arrange for service on Defendants Lucas and Paul due to difficulties obtaining a certified copy of his trust fund account statement for the previous six-month period. Doc. 14. He later filed a "motion for indigent summons," a sworn declaration explaining his financial inability to arrange for service, and a copy of his trust fund account statement. Docs. 17 at 8-12; 18. Service was due on July 28, 2025. The Court construes Terrell's requests (Doc. 14) as motions for extension of time to make service and for the Court to order that service be made by a United States marshal or deputy marshal.

Although Terrell is not proceeding in forma pauperis, he may request the Court to order the United States marshal to serve process. Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."); Fed. R. Civ. P. 4(c)(3) advisory committee note to 1993 amendment ("The court also retains discretion to appoint a process server on motion of a party."). According to Rule 4(c)(3), the Court's decision to have the marshal serve process is discretionary. *Harpo v. Intermark Mgmt. Corp.*, No. CV121-087, 2022 WL 1025193, at *1 (S.D. Ga. Apr. 6, 2022) (citation omitted). "[T]he Court is required to determine whether Plaintiff has exhausted other

reasonable means of effecting service privately before directing the marshal to effect service." *Id*. (citation omitted); *Shaw v. Hall*, 5:12-cv-135-CAR-MSH, 2013 WL 5571235 at *13 (M.D. Ga. Oct. 9, 2013).  Terrell states that he "is not allowed to make copies of the complaint" and does not know "the whereabouts of [Defendant] Lucas."  Doc. 17 at 8.  The Court also considers the length of time the case has been pending.  "[S]ervice in this case has been a long process and requiring [Terrell] to serve … Defendants will likely cause further delay and unnecessarily prolong this case."  *Harpo*, 2022 WL 1025193, at *1.  Finally, the Court considers whether Terrell has the means to retain someone to effect service.  Terrell's trust fund account reveals that he does not have the financial resources or means to effectuate personal service on Defendants.

Given these findings, Terrell's motion for the Court to order that service be made by a United States marshal or deputy marshal (Doc. 14) is **GRANTED**.  Likewise, upon good cause shown, Terrell's motion for extension of time to serve Defendants Lucas and Paul (Doc. 14) is **GRANTED**.  The Court **ORDERS** the United States marshal or deputy marshal to personally serve Defendants Lucas and Paul with a copy of the complaint, Doc. 8, and a copy of this Order.  Defendants are **ORDERED** to file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

**D. Motion to Amend to Seek Injunctive Relief Against Dooly State Prison Officials**

Finally, Terrell filed a motion for "leave for Reconsideration of the Injunctive Relief."  Doc. 17 at 2.  Terrell asserts that since filing his amended complaint seeking a temporary restraining order, he was transferred back to Dooly State Prison.  *Id.* at 2.  Because of this, Terrell appears to assert that he no longer seeks injunctive relief

against Washington State Prison but now seeks injunctive relief against Dooly State Prison. *Id*. at 2-4.  Accordingly, the Court construes this request as a motion to file a second amended complaint.

A district court need not grant leave to amend under Federal Rule of Civil Procedure 15(a) where permitting such amendment would be futile.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).  Following entry of this Order, only Terrell's claims against Defendants Lucas and Paul are proceeding for further factual development.  In his motion, Terrell explains that he is seeking a temporary restraining order because he has not received treatment for his serious medical needs and because his transfer back to Dooly State Prison should be considered retaliation and "placed his safety at high risk." *Id*. at 2.  As the Magistrate Judge explained, the individuals from whom the injunctive relief is sought must be parties to the underlying action.  *See Merial Ltd. v. Cipla Ltd*., 681 F.3d 1283, 1304 (11th Cir. 2012).

The only apparent connection to Defendants Lucas and Paul is that Terrell claims he continues to be harassed by a "former counselor" due to the "rumors … initiated by Lieutenant Fudge, [] Lucas, … et al. officials when they assaulted Plaintiff [and] sexually humiliated him for getting stuck in the officials' bathroom." *Id*. at 3.  Terrell does not describe any threatened injury closely relating to Defendants Lucas and Paul and the conduct complained of in the complaint.  To the extent that Terrell is seeking an order that he not be harmed, he is essentially asking for an order that prison officials follow the law, which is not an appropriate basis for a temporary restraining order.  *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).  Thus, the Court finds that amendment would be futile and Terrell's motion to amend to seek

injunctive relief against Dooly State Prison officials (Doc. 17) is **DENIED**. Pursuant to the Magistrate Judge's Recommendation, Terrell's motion for a temporary restraining order (Doc. 5) is **DENIED with prejudice**.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 9) is **ADOPTED** and made the Order of the Court. Accordingly, Terrell's claims against Augusta State Prison Warden Edward Philbin, Deputy Warden Harmon, CERT Sergeant Smith, and the Augusta State Prison Medical Director relating to his treatment at Augusta State Medical Prison are **SEVERED** from his remaining claims and **TRANSFERRED** to the Southern District of Georgia. Terrell's claims against Warden Seals, Jane Doe Medical Director, Lieutenant Colbin, Lieutenant Fudge, and the Georgia Department of Corrections Risk Management Division are **DISMISSED WITHOUT PREJUDICE** and Terrell's motion for a temporary restraining order (Doc. 5) is **DENIED with prejudice**. As stated in this Order, Terrell's motion to amend to seek injunctive relief against Dooly State Prison officials (Doc. 17) is **DENIED**, his motion to appoint counsel (Doc. 13) is **DENIED**, and his motions for extension of time to make service and for the Court to order that service be made by a United States marshal or deputy marshal (Doc. 14) are **GRANTED.**

**SO ORDERED**, this 4th day of August, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT