IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARCUS ANTHONY TERRELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:24-cv-295-MTT-CHW |
| | : | |
| **Warden SEALS,** *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| **Defendants.** | : | |
| | : | |

## ORDER

Before the Court is a motion by remaining Defendants Paul and Lucas to set aside default. (Doc. 29). The docket shows that the Clerk's office issued service paperwork for Defendants on August 5, 2025. (Docs. 22, 23). On August 25, 2025, the Clerk's office forwarded the service paperwork to the United States Marshals Service for personal service. (Doc. 25). Defendant Paul was personally served on October 17, 2025. (Doc. 28). No proof of service for Defendant Lucas appears on the docket, but defense counsel believes that Defendant Lucas was served that same day. (Doc. 29-1, p. 2, n. 1). Defendants failed to answer Plaintiff's complaint by November 7, 2025, as required, and are in default by operation of law, but a default has not been entered upon the docket. Both Defendants now seek to have the default set aside. (Doc. 29).

In the motion to set aside default, defense counsel explains that Defendants timely sought representation following service, but through an oversight in counsel's office, an intended motion for extension of time to answer until November 21, 2025, was not filed with the Court. (Doc. 29-1, p. 2). The error was discovered on November 13, 2025, the same day that the motion to set aside was filed. (*Id.*) There appears to have been no delay on the part of Defendants. *See* (*Id.*, p. 2, 4).

1

Additionally, Defendants filed their proposed answer contemporaneously with the motion to set aside default. (Doc. 30).

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendants Paul and Lucas, they allege that they have grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer prejudice by litigating the merits of his claims through the ordinary legal process. Therefore, Defendants' motion to set aside default (Doc. 29) is **GRANTED**. Defendants' answer filed on November 13, 2025 (Doc. 30), is accepted, and the parties may begin with discovery as provided in the Court's Order for Service of April 29, 2025 (Doc. 9).

**SO ORDERED**, this 18th day of November, 2025.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge