**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MARCUS ANTHONY TERRELL,** | : |
| | : |
| **Plaintiff,** | : |
| | : **Case No. 5:24-cv-295-MTT-CHW** |
| **v.** | : |
| | : |
| **Cert Officer PAUL,** *et al.*, | : |
| | : **Proceedings Under 42 U.S.C. § 1983** |
| **Defendant.** | : **Before the U.S. Magistrate Judge** |

## ORDER

Before the Court is Plaintiff's motion to compel and to request subpoenas (Doc. 40). Plaintiff requests that subpoenas be issued for government and prison officials. He also requests the Court to compel production of evidence he requested in discovery.[1] For the reasons explained below, the motion is **DENIED**.

*Request for subpoenas*

Although *Pro se* litigants are entitled to reasonable access to the courts, they are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). Nevertheless, "this leniency does not give a court license to serve as *de facto* counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

---

[1] The discovery period in the matter ended March 23, 2026, and dispositive motions were due April 30, 2026. No dispositive motions have been filed.

1

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

Plaintiff seeks subpoenas for several people who he states are witnesses to his case so that they can "present sworn affidavits as filed." (Doc. 40, p. 2). While he lists what he believes each witness would testify to, this is not the type of subpoena that is normally issued during discovery. Even if subpoenaing these affidavits or testimony was within the scope of discovery, Plaintiff has failed to explain why the information he seeks was not available through the ordinary discovery process. He has likewise failed to provide the Court the information necessary to issue the requested subpoenas, and the Court is not obligated to act as Plaintiff's counsel to investigate or otherwise discover this information. Therefore, Plaintiff's request for subpoenas is denied. However, should this case proceed to trial, Plaintiff would not be prevented from subpoenaing these witnesses to testify.

*Motion to Compel*

Plaintiff also asks the Court to compel Defendant to produce several documents and video footage that Plaintiff claims relate to his case and which he requested during discovery. Plaintiff's motion is not appropriate at this time. This Court does not entertain motions to compel absent a showing that Plaintiff sought the discovery from Defendant under the provisions of the Federal Rules of Civil Procedure and a certificate that he first attempted to confer in good faith, prior to filing the motion, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. Plaintiff's motion is unaccompanied by such a certificate. Based on the foregoing, Plaintiff's motion to compel and request for subpoenas (Doc. 40) is **DENIED**.

**SO ORDERED**, this 8th day of May, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3